Brianne C. McClafferty
Brent R. Bihr
HOLLAND & HART LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, MT 59103-0639
Telephone: 406.252.2166
BCMcClafferty@hollandhart.com
BRBihr@hollandhart.com

Christopher J. Cariello (*pro hac vice pending*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:  (212) 506-3778
ccariello@orrick.com

Annette Hurst (*pro hac vice pending*)
Catherine Y. Lui (*pro hac vice pending*)
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  (415) 773-4585
ahurst@orrick.com
clui@orrick.com

Kristopher R. Wood (*pro hac vice pending*)
Orrick, Herrington & Sutcliffe LLP
2050 Main Street
Suite 1100
Irvine, CA  92614-8255
Telephone:  (949) 852-7722
kristopher.wood@orrick.com

**ATTORNEYS FOR DEFENDANT SNOWFLAKE INC.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| DARIUS H. JAMES, individually and on behalf of a class of similarly situated individuals,<br><br>    *Plaintiff*,<br><br>v.<br><br>SNOWFLAKE INC., a Delaware corporation,<br><br>    *Defendant*. | Case No. CV-25-108-BU-BMM<br><br>**SNOWFLAKE'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Snowflake Inc. ("Snowflake"), by and through its undersigned counsel, hereby responds to the Class Action Complaint ("Complaint") filed by Plaintiff Darius H. James ("Plaintiff"), on behalf of himself and all others similarly situated.

The first, unnumbered paragraph of the Complaint states conclusions of law and argument by Plaintiff for which no response is required.

## SUMMARY OF THE CASE

1.      Snowflake admits that AI includes software components, but is not comprised entirely of software, and is intended "to mimic human-like reasoning and inference through algorithmic processes, typically leveraging statistical methods." Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

2.      Snowflake admits that LLMs are machine learning models that can be designed to reply to user prompts with natural-sounding text outputs. Snowflake admits that its foundational Arctic model is an LLM trained and then released by Snowflake for enterprise AI use, including general text generation. Unless expressly admitted, Snowflake denies the allegations in this paragraph.

3.      Snowflake admits that an LLM is "trained by processing vast quantities of text from diverse sources (a 'training dataset'), learning statistical patterns and associations within that data, and encoding those abstract representations into a vast

array of numerical values known as parameters." Snowflake further admits that a goal in training an LLM is to enable it "to learn general language patterns, grammar, factual knowledge, and contextual relationships" and that this "results in a versatile base model that can understand and generate human-like text." Unless expressly admitted, Snowflake denies the allegations in this paragraph.

4.      Snowflake admits that training an LLM requires a large volume and variety of data. Snowflake admits that each dataset must be downloaded or created, stored, processed (filtered, deduped, organized, tokenized), and then the tokenized dataset is processed (sometimes multiple times), in the pretraining process. Unless expressly admitted, Snowflake denies the allegations in this paragraph.

5.      Snowflake admits that its foundational Arctic LLM was trained using a corpus of data. The remainder of the paragraph states conclusions of law and argument by Plaintiff for which no response is required and to the extent a response is required, Snowflake denies on this basis.

6.      This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake admits that it obtained publicly accessible materials consistent with scientific and engineering norms; denies that it "pirated" or "infringed" any works; and lacks sufficient knowledge or information related to the Plaintiff, the

Class members, or their works, sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

7.    Denied.

## JURISDICTION AND VENUE

8.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake does not contest that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

9.    Snowflake does not contest that jurisdiction and venue are proper in this Court. Snowflake is a Delaware corporation with a globally distributed workforce and no corporate headquarters. For purposes of its SEC reporting obligations, Snowflake has designated its office in Bozeman, Montana as its principal executive office. Snowflake denies the allegations in this paragraph regarding Snowflake's "headquarters" to the extent they are inconsistent with the foregoing. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

## PARTIES

10.    Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

11.     Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph or Exhibit A to the Complaint, and therefore denies them.

12.     Snowflake admits that it is a Delaware corporation and has an office at 106 E. Babcock Suite 3A, Bozeman, MT 59715. Snowflake has a globally distributed workforce and no corporate headquarters. For purposes of its SEC reporting obligations, Snowflake has designated its office in Bozeman, Montana as its principal executive office. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

13.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

14.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

## FACTUAL ALLEGATIONS

15.     Snowflake admits that generally, "LLMs are trained by ingesting training corpora consisting of large volumes of text." Snowflake further admits that in general, corpora can be constructed by acquiring and digitally copying texts,

including copyrighted works, and storing those copies to support preprocessing, deduplication, tokenization, and training. Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they pertain to other parties and on that basis, denies them. Snowflake denies the remaining allegations in this paragraph to the extent they pertain to Snowflake. Snowflake further denies the allegations in this paragraph to the extent they consist of legal conclusions to which no response is required.

16.    Snowflake admits that during pretraining, tokenized training datasets are processed in order for the model to ascertain statistical patterns and associations within the training data. Snowflake admits that LLM parameters are adjusted through optimization techniques during the training process, and the LLM gets progressively better at prediction as a result, with one ultimate aim of "capturing general linguistic structures rather than specific expressions." Snowflake admits that the "results of this learning process are encoded in a large set of numbers called parameters stored within the model." Snowflake admits that "[t]hese parameters are derived from the entire pretraining dataset." Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

17.    Snowflake admits that the paper from EluetherAI is accurately quoted regarding its description of Books3, but Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph

(including, but not limited to, the truth or falsity of the quoted statement from EluetherAI), and therefore denies them. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

18.    Snowflake admits that the Hugging Face website currently states "a mission to democratize good machine learning." Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

19.    Snowflake admits that the Hugging Face website currently states that Books3 was removed from the RedPajama-1T dataset due to "reported" copyright infringement, and that the cited archived version of Hugging Face indicates that Books3 was included in a version of the RedPajama-1T corpus as of September 20, 2023. Snowflake lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements on these websites, and therefore denies them. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

20.    Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

21.    Snowflake admits that it is a platform for the AI era where companies can use its AI Data Cloud to build, use, and share data, applications, and AI. Snowflake admits that it has expanded into generative AI features as a natural

complement to its product and services offerings. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

22.     Snowflake admits that in 2023 it began assembling and curating large-scale pretraining corpora to assist in developing its foundational Arctic LLM. Snowflake admits that it downloaded, stored, and processed large-scale datasets. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

23.     Snowflake admits that at its Snowflake Summit 2023, Snowflake unveiled new products and services. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

24.     Snowflake admits that it launched its foundational Arctic LLM on or about April 24, 2024, as a part of its AI product offerings. Snowflake admits the existence of the cited Medium post describing the foundational Arctic LLM, but Snowflake lacks the information sufficient to form a belief as to the truth of the Medium article and the unidentified "third-party technical summaries" and on that basis denies the allegations. Snowflake further admits the foundational Arctic LLM was trained over approximately three months using publicly accessible datasets. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

25.     Snowflake admits that the foundational Arctic LLM was trained using publicly accessible datasets. Unless expressly admitted, Snowflake denies the remaining allegations in this paragraph.

26.     Snowflake admits that it retained copies of its pretraining datasets for further use in model training. The remaining allegations also state conclusions of law and argument by Plaintiff for which no response is required and to the extent a response is necessary, Snowflake denies them. Unless expressly admitted, Snowflake denies the remaining allegations of this paragraph.

27.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

## CLASS ALLEGATIONS

28.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations of this paragraph.

29.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations of this paragraph.

30.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed

necessary, Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

31.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

32.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

33.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

34.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

a.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

b.   This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

c.   This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

d.   This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

**FIRST CAUSE OF ACTION**
**Direct Copyright Infringement,**
**(17 U.S.C. § 501)**
**(On Behalf of Plaintiff and the Class)**

35.    Defendant incorporates and repeats its allegations in the foregoing paragraphs as if fully set forth herein.

36.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

37.    Snowflake admits that its foundational Arctic LLM was trained on a large volume and variety of data. Further, the remaining allegations state conclusions of law and argument by Plaintiff for which no response is required and to the extent a response is deemed necessary, Snowflake denies them.

38.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

39.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

40.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake lacks sufficient knowledge or information regarding the identity of the "Infringed Works" or the "members of the Class" sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

41.    This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

42.     This paragraph states conclusions of law and argument by Plaintiff for which no response is required. To the extent a response is nonetheless deemed necessary, Snowflake denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Snowflake denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in the section of the Complaint titled "Prayer for Relief." To the extent that this section contains any allegations requiring a response, Snowflake denies them.

## JURY TRIAL DEMAND

Snowflake hereby demands a trial by jury on all claims, defenses, and issues in this action so triable.

## DEFENSES

In addition to the above, Snowflake asserts the following defenses. Each defense is asserted as to all claims for relief against Snowflake, unless otherwise noted. By setting forth these defenses, Snowflake does not concede that these are affirmative defenses and does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff. Further, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations. Snowflake reserves the right to amend its Answer as additional information becomes

available and to assert additional defenses to the extent such defenses are or become applicable.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail, in whole or in part, because the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Snowflake.

### SECOND DEFENSE
### (Fair Use)

Plaintiff's claims fail, in whole or in part, because any unauthorized copies of any of Plaintiff's copyrighted works made for the purposes described in the Complaint constitute fair use under 17 U.S.C. § 107.

### THIRD DEFENSE
### (Works or Elements of Works Not Protected by Copyright)

Plaintiff's claims fail, in whole or in part, to the extent they claim rights to elements of works or to works which are not protectable under copyright law, such as under the doctrines of *scènes à faire*, merger, or under 17 U.S.C. § 102(b), or that are in the public domain, lack the requisite originality, are unregistered, or are works to which copyright protection has been abandoned.

## FOURTH DEFENSE
### (Invalid Ownership / Lack of Ownership)

Plaintiff's claims fail, in whole or in part, to the extent they assert copyrights that they do not own or exclusively license in the first instance, and/or in the full scope of their collective works.

## FIFTH DEFENSE
### (Lack of Standing)

Plaintiff's claims fail, in whole or in part, because he lacks standing to bring suit and assert copyrights in any works that he does not own or exclusively license, including pursuant to 17 U.S.C. § 501(b).

## SIXTH DEFENSE
### (De Minimis Copying or Use)

Plaintiff's claims fail, in whole or in part, because they are barred by the doctrine of *de minimis* copying or use.

## SEVENTH DEFENSE
### (Lack of Injury)

Plaintiff's claims fail, in whole or in part, because Plaintiff has not suffered and is not likely to suffer any injury or damages as a result of the conduct alleged of Snowflake in the Complaint.

## EIGHTH DEFENSE
### (Unavailability of Injunctive Relief)

Plaintiff's claims fail, in whole or in part, because Plaintiff is not entitled to injunctive relief (temporarily, preliminarily, or permanently), including because any

injury to him is not immediate or irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## NINTH DEFENSE
**(Unconstitutional Damages)**

Plaintiff seeks improper damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the United States Constitution.

## RESERVATION OF ADDITIONAL DEFENSES

Snowflake's investigation of the claims and its defenses is continuing. Snowflake reserves the right to assert additional defenses, such as through amendment of its Answer, that may develop through discovery in this action or otherwise.

## REQUEST FOR RELIEF

Therefore, Snowflake respectfully requests that this Court:

1. Enter judgment in Snowflake's favor and against Plaintiff;

2. Dismiss all claims by Plaintiff with prejudice;

3. Award Snowflake its costs of suit;

4. Award Snowflake its attorneys' fees to the extent permitted by law; and

5. Grant Snowflake such other and further relief as this Court deems just and proper.

Dated: January 22, 2026                    Respectfully Submitted,

                                           By:   /s/ Brianne C. McClafferty

                                           *Counsel for Defendant Snowflake Inc.*

36866000_v1