**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | | |
|---|---|---|
| DARIUS H. JAMES, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | Case No. CV-25-108-BU-BMM |
| *Plaintiff,* | ) ) | **JOINT DISCOVERY PLAN** |
| v. | ) ) | Hon. Judge Brian Morris |
| SNOWFLAKE INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) | |

Pursuant to the Court's January 28, 2026, Order (Dkt. 17), Federal Rule of Civil Procedure 26(f)(3), and Local Rule 16.2(b)(2)(A), Plaintiff Darius James ("Plaintiff"), and Defendant Snowflake Inc. ("Defendant" or "Snowflake") (collectively "the Parties"), met and conferred via their counsel on February 5, 2026, and thereafter via email. The Parties, by their counsel, file this proposed Joint Discovery Plan.

**(A)    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

*See* Discovery Deadlines below.

**(B)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

1.    Subjects and Phases of Discovery:

Discovery will not be bifurcated or sequenced in any manner and will proceed with merits and class discovery occurring simultaneously. As detailed in the schedule below, the Parties anticipate filing motions for summary judgment and class certification simultaneously. The Party

1

with the burden to file an initial expert report shall be the Party who bears the burden of proof on the issue upon which the expert will opine. Plaintiff is responsible for filing initial expert reports related to class certification, to the extent that any are needed.

(a)    The Parties anticipate discovery by methods including electronic discovery, interrogatories, requests for production of documents, requests for admission, and depositions.

(b)    Discovery will be in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United District Court for the District of Montana.

2.    Discovery Deadlines:

| Event | Date |
|---|---|
| Initial Scheduling Conference | Wednesday, February 18, 2026 |
| Initial Disclosures | Wednesday, March 18, 2026 |
| Deadline to Add Parties; Amend Pleadings | Wednesday, March 18, 2026 |
| Close of fact discovery | Thursday, February 25, 2027 |
| Initial expert reports (i.e., by the party bearing the burden of proof on the issue the expert is designated on; including plaintiff's class certification experts, if needed). | Thursday, March 18, 2027 |
| Rebuttal expert reports (i.e., by party not bearing the burden of proof; includes defendant's class certification experts, if needed). | Thursday, May 13, 2027 |
| Close of expert discovery | Thursday, July 15, 2027 |
| Motions for Summary Judgment/Class Certification | Thursday, August 19, 2027 |
| Response to MSJ/Class Certification | Thursday, October 7, 2027 |
| Reply re. MSJ/Class Certification | Thursday, October 28, 2027 |

**(C)    Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The discovery areas identified above implicate electronically stored information ("ESI"). The Parties have conferred and Defendant has circulated a draft stipulated ESI order for Plaintiff's review. The Parties will file their stipulated ESI order once it is agreed upon.

Pending entry of the ESI Order and thereafter subject to any modifications of the duty to preserve contained therein (if any), the Parties shall preserve all existing ESI that is discoverable as to any of the facts, claims, and/or defenses asserted in this matter.

Defendant's further position is that due to the unique challenges arising from the size and format of the training data used to train Snowflake's foundational Arctic LLM, a Stipulated Order Regarding The Inspection of Training Data governing the procedures for such inspection and copying will be necessary. Defendant has provided a proposed Stipulated Order Regarding The Inspection of Training Data to Plaintiff's counsel and the Parties will continue to meet and confer on this issue.

**(D)     Any issues about claims of privilege or of protection as trial-preparation materials.**

The Parties do not anticipate any privilege or protection issues at this time. The Parties agree that any claims of privilege, including work product, must be accompanied by the timely production of a privilege log constructed in accordance with the requirements described in Fed. R. Civ. P. 26(b)(5), subject to modifications or exclusions (if any) in the Parties' ESI Order, once finalized and entered.

**(E)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

Plaintiff believes that the parties may require discovery in excess of the default limitations of 25 Interrogatories and 10 Depositions per side, as demonstrated in analogous cases.

Defendant believes that the default limitations of 10 depositions and 25 Interrogatories per side are appropriate and that Plaintiff has not shown otherwise.

The Parties agree to work cooperatively as the case develops to set appropriate limitations, and to the extent they are unsuccessful, the Court may be approached at that time.

**(F)** **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff anticipates Defendant will claim certain documents are confidential and proprietary business information, necessitating a protective order, including an order regarding the inspection of training data used to develop its Arctic model LLMs.  Defendant has provided a proposed Stipulated Protective Order and a proposed Stipulated Order Regarding The Inspection of Training Data to Plaintiff's counsel. Counsel for the Parties will work together in good faith to evaluate, consider, and resolve respective issues before requiring Court assistance.

**(G)** **Likely areas of expert testimony. (L.R. 16.2(b)(2)(A)).**

Given the infancy of discovery in this case, at this time, it is difficult for the Parties to identify all of the areas of expert testimony that may be needed with specificity. The Parties anticipate that this will become clearer as discovery proceeds and the Parties will disclose expert witnesses and the specific areas of expert testimony for each disclosed expert witness in accordance with the deadlines established for this case. At this time, Plaintiff anticipates utilizing experts with knowledge regarding LLM training, copyright damages, and/or industry practice.

Defendant anticipates that it will offer expert testimony as follows: a technical expert on LLMs, an economist to discuss market harm (namely, lack thereof), industry experts (e.g., on publishing or enterprise cloud data/software), a damages expert, and a survey expert and/or statistician as needed to opine on class certification issues.

DATED: February 17, 2026          Respectfully submitted,

DARIUS H. JAMES, individually and on behalf of similarly situated individuals

By: /s/ *Jordan R. Frysinger*
*Attorney for Plaintiff*

4

David L. Gerbie (admitted *pro hac vice*)
Jordan R. Frysinger (admitted *pro hac vice*)
Donald S. Cuba II (admitted *pro hac vice*)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
jfrysinger@mcgpc.com
dcuba@mcgpc.com

John Heenan
HEENAN & COOK PLLC
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
john@lawmontana.com

*Counsel for Plaintiff and the Putative Class*

By: /s/ *Brianne C. McClafferty*
*Attorney for Defendant*

Brianne C. McClafferty
Brent R. Bihr
HOLLAND & HART LLP

By: /s/ *Annette Hurst*
*Attorney for Defendant*

Annette Hurst (admitted *pro hac vice* )
Catherine Y. Lui (admitted *pro hac vice* )
Christopher J. Cariello (admitted *pro hac vice*)
Kristopher R. Wood (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP

*Attorneys for Defendant Snowflake Inc.*

5