**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | | |
|---|---|---|
| DARIUS H. JAMES, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>SNOWFLAKE INC., a Delaware corporation,<br><br>*Defendant.* | ) | Case No.: 2:25-cv-00108-BMM<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hon. Brian Morris |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Current named plaintiff, Mr. James, seeks leave to file the Amended Complaint to make one discrete change to the operative pleading. Mr. James seeks to replace himself as named plaintiff with two individuals: Gary Morgenstein and Laurence Leamer. Plaintiff is not adding any claims or new legal theories.[1]

Plaintiff readily satisfies the "good cause" standard for amending his pleading under Federal Rule of Civil Procedure 16(b). Plaintiff has been diligent in maintaining the existing schedule in this matter and is only seeking leave to amend for the first time now due to an unforeseen health event (a stroke) that has rendered him unable to devote the time and energy required to representing the absent class members as the lead plaintiff in this action.

[1] A redline showing the difference between the operative Complaint (Dkt. 1) and the proposed Amended Complaint is attached hereto as Exhibit A.

Furthermore, Plaintiff can show that each of the five factors in *Foman v. Davis*, 371 U.S. 178, 182 (1962), weigh in Plaintiff's favor. There has been no undue delay or dilatory motive, as the proposed amendment comes during the relatively early stages of this case and discovery and shortly after an unforeseen health event. Moreover, there are no prior failures to cure prior deficiencies, as this is Plaintiff's first attempt to amend his complaint and Defendant answered Plaintiff's original complaint. (Dkt. 11). Defendant will also suffer no prejudice from having to take discovery from different lead plaintiff(s), as the case is in the relatively early stages of discovery. Finally, granting Plaintiff's motion will not require altering the case schedule substantially, though it may warrant a brief extension of same. In an attempt to avoid briefing this Motion, Plaintiff offered to stipulate to such an extension, and Defendant refused.[2]

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. James filed his Class Action Complaint on November 21, 2025, alleging that Defendant Snowflake, Inc. ("Defendant") stole a number of copyrighted works. (Dkt. 1, the "Complaint"). Mr. James brought claims on behalf of a nationwide class of U.S.-domiciled individuals or entities that own a United States copyright in any work contained within the RedPajama training datasets that Defendant downloaded, copied, stored, and used during the Class period, for both Direct and Contributory Copyright Infringement under 17 U.S.C. § 501 et seq. Defendant answered Plaintiff's Complaint on January 22, 2026 (Dkt. 11), after which Plaintiff's and Defendant's counsel met and conferred and filed a Joint Discovery Plan on February 17, 2026. (Dkt. 25).

On March 5, 2026, the Court set a case schedule including, in relevant part, a (relatively short) March 18, 2026, deadline for amended pleadings. (Dkt. 30). The parties filed a Proposed

[2] To the extent that the Court grants Plaintiff's Motion, it should direct the parties to meet and confer and jointly submit a proposed modified case schedule.

Protective Order on August 28, 2026 (Dkt. 31), and have been continuing to work towards entry of an ESI Order and training data protocol. The current deadline for discovery is February 25, 2027. (Dkt. 30). Discovery has been served by both parties, but there has been no substantial production of documents in this case. Defendant has, to date, produced a handful of "go-get" documents consisting of insurance policies and SEC filings, and has produced the RedPajama dataset at issue in this litigation.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend a complaint with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15. However, once a court files a scheduling order pursuant to Federal Rule of Civil Procedure 16, a party must first satisfy Rule 16's standards for amending a complaint before establishing leave to amend under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

Under Rule 16(b), when a party seeks leave to amend its pleading after the date specified in the court's scheduling order, that party must first show "good cause" for the amendment. *Id.* at 608. "Good cause" under Rule 16 exists when existing deadlines "cannot reasonably be met despite the *diligence* of the party seeking the extension." *Id.* "Good cause" does not exist where a party's own carelessness or lack of diligence is the reason for delay and need to amend the pleading. *Id.*

Where "good cause" is established, the party seeking leave to amend can then attempt to meet the requirements of Federal Rule of Civil Procedure 15. *Id*. Under Rule 15, the court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15. "This is a 'mandate…to be heeded,' not taken lightly." *New York Marine & Gen. Ins. Co. v. Junkermier, Clark, Campanella, Stevens, P.C.*, No. CV-14-83-BMM, 2020 WL 136838 (D. Mont. Jan. 13, 2020)(Morris, B.)(quoting *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962)). In deciding whether to permit amendments under Rule 15, courts consider: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failures to cure deficiencies by prior amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment." *Foman*, 371 U.S. 178, 182.

## IV. ARGUMENT

Plaintiff can show both that (A) Plaintiff's counsel acted with diligence and meets the standard for "good cause" under Rule 16, and (B) that each of the five Foman factors weighs strongly in favor of granting Plaintiff leave to amend.

### A. Plaintiff's Counsel Acted with Diligence and Meet the Standard for "Good Cause" under Rule 16.

For the entirety of this case's litigation, Plaintiff has acted with diligence to meet all existing deadlines set forth by the Court. Plaintiff respectfully asks for this amendment following the unfortunate downturn in Mr. James's health. In July of this year, several months after this Court's amendment deadline of March 18, 2026 (Dkt. 30), Mr. James suffered a stroke. Mr. James's stroke was not foreseeable, and the ramifications of his stroke were not predictable and recovery is not linear. While Mr. James's counsel were initially optimistic that Mr. James would be able to maintain his status as lead plaintiff, it has become clear over the past few weeks that Mr. James will not be able to prepare for and sit for deposition or devote the significant time and energy required to represent his fellow class members in this action. Accordingly, Mr. James brings this leave to amend without delay and only after a careful consideration into his ability to serve as lead plaintiff. Mr. James can show "good cause" for this amendment, and for the good of the class, Mr. James understands that he must be replaced as lead plaintiff.

### B. Each of the Five Foman Factors Weighs Strongly in Favor of Granting Plaintiff's First Motion for Leave to Amend.

#### 1. Plaintiff Did not Unduly Delay in Moving for Leave to Amend.

Plaintiff did not unduly delay in moving for leave to amend, as this request comes shortly after the unfortunate and unforeseen downturn in Mr. James's health caused by his recent stroke. Plaintiff has also not delayed any other proceedings during the course of this litigation. Plaintiff has acted promptly in filing both the Preliminary Pretrial Statement (Dkt. 24), and Joint Discovery Plan with opposing counsel. (Dkt. 25). Furthermore, granting Plaintiff's Motion for Leave to Amend will not unduly delay proceedings for the Court or opposing counsel. Indeed, Discovery is still in the relatively early stages—there has been no discussion of search terms or custodians, and Defendant has made only a modest "go-get" production of insurance agreements, SEC filings, and the RedPajama dataset.

**2. The Amendment is Brought in Good Faith and With No Dilatory Motive.**

Defendant cannot meet its burden to show "substantial competent evidence" of bad faith. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Plaintiff is filling this motion shortly after Mr. James's unforeseen downturn in health, and permitting this amendment will not substantially impact the deadlines in this case. To this end, Plaintiff has offered to meet and confer with Defendant to discuss a reasonable extension of the case schedule, and Defendant has refused to entertain same. Finally, there is no indication that Plaintiff is merely "seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). To the contrary, Plaintiff brings the exact same cause of action, only with new representation for the putative class. (Ex. A). Plaintiff's amendment adds no new claims or legal theories. (*Id.*).

**3. There Have Been No Prior Failures to Cure Deficiencies with Prior Amendments.**

The third Foman factor is inapplicable, as the Court has not previously dismissed Plaintiff's claims or rejected any attempt by Plaintiff to amend his complaint. This is Plaintiff's first

amendment and Defendant did not even seek to dismiss Plaintiff's original complaint. (Dkt. 11, Defendant's Answer).

**4. Plaintiff's Amendment Does Not Unduly Prejudice the Defendant.**

Defendant cannot meet its burden of showing that it would be unduly prejudiced by Plaintiff's proposed change in the Amendment. Plaintiff's amendment will not change the scope of the case or the underlying cause of action. (Ex. A). Plaintiff is not adding a new theory of relief. (*Id.*). Plaintiff is not adding any new claims. (*Id.*). Plaintiff is instead asking merely to be given leave to swap himself out as named plaintiff. Defendant will still be defending the same cause of action, the same theory of relief, and the same set of claims.

**5. The Proposed Amendment is not Futile.**

Finally, Plaintiff's proposed amendment is not futile. "Courts rarely deny a motion for leave to amend for reason of futility. Indeed, before discovery is complete, as here, a proposed amendment is futile only if no set of facts can be proved under the amendment which could constitute a valid claim or defense." *Khanna v. Walia*, 2025 WL 2521734, at *3 (N.D. Cal. Sept. 2, 2025) (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014)). Such rare circumstances are not present here—and replacing Mr. James will not change the substance of this cause of action. As set forth above, Defendant did not even seek to dismiss Plaintiff's operative Complaint. (Dkt. 11, Defendant's Answer). The new lead plaintiffs like Mr. James, have suffered the same harms due to Defendant's copyright infringement.

## V. CONCLUSION

Because there is good cause for Plaintiff to amend the Complaint, Plaintiff respectfully requests that the Court grant this Motion for Leave to File First Amended Complaint and permit Plaintiff to file the proposed Amended Complaint.

Dated: October 13, 2026

Respectfully submitted,

DARIUS JAMES, individually and on behalf of all others similarly situated

By: /s/ *John Heenan*
*One of Plaintiffs' Attorneys*

John Heenan
**HEENAN & COOK PLLC**
2224 Montana Avenue
Billings, MT 59101
Telephone: (406) 839-9091
john@lawmontana.com

David L. Gerbie (pro hac vice)
Brendan Duffner (pro hac vice)
Jordan R. Frysinger (pro hac vice)
Donald S. Cuba (pro hac vice)
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Telephone: (312) 893-7002
dgerbie@mcgpc.com
bduffner@mcgpc.com
jfrysinger@mcgpc.com
dcuba@mcgpc.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF COMPLIANCE**

I, John Heenan, an attorney, certify that the foregoing complies with Local Rule 7.1(d)(2)(E) because it contains 1779 words, excluding caption, certificate of compliance, and any certificate of service.

/s/ *John Heenan*
John Heenan

**CERTIFICATE OF SERVICE**

I, John Heenan, an attorney, certify that on October 13, 2026, I filed the foregoing Memorandum in Support of Motion for Leave to File First Amended Complaint and supporting papers via the Court's CM/ECF electronic filing system. A copy of said documents will be electronically transmitted to all counsel of record.

/s/ *John Heenan*
John Heenan