IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DARIUS H. JAMES, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>SNOWFLAKE INC., a Delaware corporation,<br><br>*Defendant.* | Case No.: 2:25-cv-00108-BMM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hon. Brian Morris |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

This Court should grant Plaintiff Darius James's ("Mr. James" or "Plaintiff") Motion for Leave to File First Amended Complaint ("Motion"). (Dkt. 32.) The Motion will not substantively change this litigation; Snowflake Inc. ("Defendant" or "Snowflake") will still be defending the same set of claims arising from the same set of facts. All that will change is the lead plaintiff. Messrs. Gary Morgenstein ("Mr. Morgenstein") and Laurence Leamer ("Mr. Leamer") are ready to replace Mr. James as lead plaintiffs while Mr. James remains an absent class member. (Dkt. 32.) Defendant's Response (Dkt. 34) makes four arguments—each should be rejected.

**First**, the Court retains subject matter jurisdiction. Mr. James has said repeatedly, including in his Motion itself, that he intends to remain an absent class member. (Dkt. 32 at 1, seeking "an order granting his Motion for Leave to File First Amended Complaint to remove Darius H. James ("Mr. James") as lead plaintiff and dismiss his claims *without prejudice as to Mr. James's ability to remain an absent class member.*") (emphasis added). Snowflake's own authority demonstrates that the Court retains jurisdiction.

**Second**, good cause exists under Rule 16 because counsel acted diligently after Mr. James's unforeseeable July 2026 stroke. Defendant's arguments to the contrary speculate incorrectly as to Mr. James's health and his actions in other cases.

**Third**, the *Foman* factors favor amendment. Defendant conceded three of five factors, and the prejudice Defendant cites stems from its *own* refusal to extend the case schedule. (Dkt. 34-4 at 6.)

**Fourth,** Defendant argues that substituting plaintiffs via amendment is "not more efficient than filing a new complaint." (Dkt. 34 at 24). But doing so would require destroying Snowflake's production, re-serving discovery, and renegotiating the ESI, Training Data, and Protective Orders. That is delay, not efficiency.

The Court should grant Plaintiff's Motion for Leave to File First Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff addresses herein the points necessary to rebut Defendant's factual background. Mr. James filed his Class Action Complaint on November 21, 2025, alleging that Snowflake stole numerous copyrighted works. (Dkt. 1.) On March 5, 2026, the Court set a case schedule including, in relevant part, a (relatively short) March 18, 2026, deadline for amended pleadings. (Dkt. 30.) The current deadline for discovery is February 25, 2027. (Dkt. 30.) Written discovery has been responded to by both parties, but there has been no substantial production of documents. Defendant has produced a handful of "go-get" documents consisting of insurance policies and SEC filings, and has produced the RedPajama dataset at issue.

Mr. James has also been the lead class plaintiff in two other matters. *James v. Cerebras Systems Inc.*, 4:25-cv-09361-AMO, (N.D. Cal.) ("*Cerebras*"); *James v. Together Computer, Inc.*, 3:25-cv-09578-RFL (N.D. Cal.) ("*Together*"). In the spring of 2026, upon adding co-counsel in

those cases, Mr. James amended those complaints to add co-counsel's clients. *Together*, Dkt. 33; *Cerebras*, Dkt. 52. Mr. James remained a lead plaintiff in those cases following the initial amendments. (*Id.*). In spring 2026, Mr. James's health was not in question. There was no similar reason to add clients to this case.

Mr. James suffered a stroke in early July 2026. (Dkt. 33 at 4.) Following well-wishes and exchanges of information, and ultimately Mr. James's discharge from a rehabilitation facility, counsel flew out to meet with him in person on August 31, 2026. Approximately two weeks later, on September 16, 2026, counsel informed Snowflake that Mr. James could no longer serve as lead plaintiff but wished to remain an absent class member, and on September 26 circulated a draft amended complaint. (Dkt. 34-4 at 6.) Snowflake refused to cooperate and would not agree to an extension of the case schedule, so Plaintiff filed the Motion on October 13, 2026. (Dkt. 32.) By contrast, Mr. James was removed as lead plaintiff from the *Cerebras* and *Together* cases in October 2026 via stipulation and with leave to participate as an absent class member. *Cerebras* Dkt. 96; *Together* Dkt. 59.

## ARGUMENT

### I. THIS COURT HAS SUBJECT MATTER JURISDICTION.

The present action is an actual "case" and "controversy" under Article III of the U.S. Constitution and is not moot because the issues presented to the court are still "live" and the parties maintain a legally cognizable interest in the outcome. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). In class action litigation, courts routinely allow for lead plaintiffs to step down and a new lead plaintiff to step up when the lead plaintiff stepping down wishes to remain a part of the class. *Aguilar v. Boulder Brands, Inc.*, No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014); *Floyd v. Amazon.com Inc.,* 2025 WL 2768449, at *8

(W.D. Wash. Sept. 29, 2025); *Fife v. Sci. Games Corp.*, No. 2:18-cv-00565-RBL, 2020 WL 4933959 (W.D. Wash. Aug. 24, 2020)(*citing Castillo v. United Rentals* (N. Am.), Inc., No. C17-1573JLR, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018)(Lead plaintiff substitution was allowed where lead plaintiff intended to become a part of the class)

Defendant acknowledges this, citing to *Floyd* in its Response and stating, "[t]he only circumstance under which a court has permitted 'a named plaintiff. . . to substitute prior to class certification is when that plaintiff is both capable of and intends to become part of the class, such that her claims persist and the case or controversy remains active." (Dkt. 34 at 11); 2025 WL 2768449, at *8 (W.D. Wash. Sept. 29, 2025).

However, Defendant argues that Plaintiff's claims are still moot because there is "no evidence that Mr. James will continue, even as an absent class member." (Dkt. 34 at 11.) This is wrong. Mr. James's Motion states that he "seeks an order granting his Motion for Leave to File First Amended Complaint to remove Darius H. James ("Mr. James") as lead plaintiff and dismiss his claims *without prejudice as to Mr. James's ability to remain an absent class member*." (Dkt. 32 at 1) (emphasis added). Plaintiff's counsel previously informed Defendant of this same desire via email correspondence. (Dkt. 34-4 at 4.) Snowflake's implication that Mr. James is required to submit a declaration re-stating his intent to remain an absent class member is incorrect. (Dkt. 34 at 11.) There is no such requirement; courts frequently permit amendment without a declaration from the lead plaintiff stating their desire to participate as an absent class member. *See Aguilar,* 2014 WL 4352169, at *11; *Fife,* 2020 WL 4933959, at *4 (same); *Kirby v. McMenamins Inc.*, No. C22-5168-BHS-MLP, 2023 WL 4623988, at *6 (W.D. Wash. July 19, 2023) (same); *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL 5893444, at *5 (N.D. Cal. Oct. 5, 2020) (same.)

Snowflake's purported "evidence" that Mr. James does not intend to participate as an absent class member is extremely specious. (Dkt. 34 at 11.) Snowflake claims that Mr. James declined to participate at all in discovery. (*Id.*). That's wrong.[1] Mr. James responded to written discovery and participated in the process of imaging his email accounts, collecting other ESI and searching for physical documents. And even after telling Snowflake that Mr. James would need to be removed from the lawsuit, Plaintiff's counsel still offered to produce Mr. James's documents to Snowflake—but Snowflake declined. (Dkt. 34-4 at 2, 4.) ("To be perfectly clear, we are not insisting that Mr. James produce documents, respond to discovery, or otherwise participate in the case in light of his condition and expressed desire to leave the case as an active litigant").

Snowflake also cites Mr. James's withdrawal from the *Cerebras* and *Together* lawsuits as evidence that he does not wish to participate as an absent class member here. (Dkt. 34 at 11.) But Mr. James stipulated to remain an absent class member in <u>both</u> *Cerebras* and *Together*. *Cerebras* Dkts. 95, 96; *Together* Dkt. 59 (each stipulating to dismissal "without prejudice to his ability to be an absent class member[.]")[2] Mr. James has consistently demonstrated that he intends to remain an absent class member in every case he has had to withdraw from due to his health.

Per Defendant's case law, Plaintiff's claims are not moot and "the issues in this case remain alive." *Aguilar*, 2014 WL 4352169, at *8. Thus, the Court has subject matter jurisdiction.

## II. MR. JAMES AND HIS COUNSEL HAVE SHOWN GOOD CAUSE UNDER RULE 16.

Good cause under Rule 16 exists when existing deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*,

---

[1] Plaintiff's participation in discovery is not probative of his intent to participate as an absent class member who is not subject to discovery.

[2] Snowflake incorrectly implies that Plaintiff's removal in *Cerebras* and *Together* came via contested motion practice. (Dkt. 34 at 6) ("In October 2026, in both actions, Mr. James **moved** to voluntarily dismiss himself as the named plaintiff. *Together*, Doc. 59; *Cerebras*, Doc. 95. Only the *Cerebras AI* court has ruled on the **motion**, dismissing Mr. James's claims. Doc. 96.") (emphasis added) In both cases, Plaintiff was dismissed without prejudice via stipulation.

975 F.2d 604, at 608 (9th Cir. 1992). A party's diligence, and whether good cause exists is committed to the broad discretion of the district court. *See C.F. ex rel. Farman v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). Where a plaintiff is merely "seek[ing] to add a new plaintiff, not to add any new theories of liability or substantive facts that would change the course of [the] case," the "plaintiff['s] reason for seeking modification also supports a finding of good cause." *Rice-Sherman*, 2020 WL 5893444, at *3. Here, Plaintiff's counsel have reacted diligently following an unpredictable and sudden health event, and Defendant cannot show that it will be prejudiced to the extent that that this Court should deny Plaintiff's Motion.

### A. PLAINTIFF'S COUNSEL WAS DILIGENT IN SEEKING LEAVE TO AMEND.

A counsel's diligence under Rule 16 is measured by the counsel's diligence in seeking the amendment at hand. *Johnson*, 975 F.2d, at 609. When counsel communicates newly confirmed information to defendant and seeks leave to amend approximately two weeks after the new information has been confirmed, counsel have acted diligently. See *Walsh v. Reliance Tr. Co.*, No. CV-19-03178-PHX-JJT, 2022 WL 768145, at **2-3 (D. Ariz. Mar. 14, 2022)(finding that a plaintiff had been diligent in seeking leave to amend under Rule 16 despite defendant's argument that plaintiff had access to that information prior to filing the case.)

Here, Plaintiff's counsel acted diligently in informing Defendant of Mr. James's need to withdraw as a lead plaintiff approximately two weeks after Plaintiff's counsel visited him. Immediately following his stroke in early July, it was not apparent that Mr. James would need to step down as lead plaintiff. Mr. James seemed to be improving and, upon exiting the hospital, entered a rehabilitation center. At this time, both Mr. James and his counsel were enthusiastic about him continuing as lead plaintiff. Sadly, however, recovery from a stroke is not always linear, and when Plaintiff's counsel travelled to Mr. James's home on August 31, 2026, to visit with him,

assess his condition, and collect sources of ESI, his ability to continue as lead plaintiff became uncertain. Over the following two weeks, Plaintiff's counsel along with Mr. James determined that Mr. James would not be able to continue as lead plaintiff and informed Defense counsel of same on September 16, 2026. The small gap in time that occurred in between Plaintiff's counsel visiting Mr. James and informing Defendant that Mr. James needed to be removed from the case was necessary to further understand the implications of a serious medical event, and to determine with the client whether he could continue.[3] It does not amount to a lack of diligence. *See Rice-Sherman*, 2020 WL 5893444, at *3 ("Although an earlier-filed motion could have saved a month or two in time, that does not necessarily amount to the 'lack of diligence' courts usually observe in denying motion for leave under Rule 16.")

Rule 16's good cause inquiry hinges on the diligence of the party in seeking to amend. Defendant seems to acknowledge as much in its Response, stating: "the Rule 16 inquiry is focused on [Mr. James's] diligence in seeking to amend, not [his] general diligence in the case." (Dkt. 34 at 23 n.1.) Yet the majority of Defendant's arguments center around things unrelated to Plaintiff's diligence in seeking to amend now, such as Plaintiff failing to produce documents on September 14, 2026 and Plaintiff's diligence in not *proactively* amending his complaint *prior to* his stroke. (*Id.* at 24–26.)

Plaintiff's document production is not relevant to Plaintiff's diligence in seeking leave to amend. Moreover, Plaintiff offered to produce documents to Defendant despite his desire to stop being lead plaintiff and focus on his health. Defendant declined. (Dkt. 34-4 at 2.)

Furthermore, Defendant's arguments that Mr. James should have amended his complaint in March before the deadline to amend pleadings passed is completely speculative. It is not

[3] Mr. James has no objection to sharing his medical information *in camera*.

reasonable to expect Mr. James to have amended his complaint in March 2026 in anticipation of a July 2026 stroke. Defendant crosses the line in speculating that because Mr. James was in his seventies, his stroke was predictable, and therefore, Plaintiff's counsel should have acted preemptively to add additional plaintiffs. Many people live long past seventy and never experience a stroke. Snowflake's argument, if accepted, would create a bizarre presumption against aging or elderly individuals from serving as lead plaintiffs—an untenable result.

Lastly, Defendant argues that Plaintiff's counsel should have added plaintiffs to this case in spring 2026 because that is when plaintiffs were added in the *Cerebras* and *Together* actions. *Cerebras*, Dkt. 52; *Together*, Dkt. 33. Defendant incorrectly speculates that those additions were related to Mr. James's health. (Dkt. 34 at 15.) But they were not. Additional class counsel was added in those matters, and those complaints were amended to include co-counsel's clients. *Cerebras* Dkts. 42-46, 48; *Together* Dkts. 34-38, 41. This is common practice in the field of class action litigation, but there was no similar need in this case.

### B. AMENDMENT WILL NOT CAUSE DEFENDANT TO SUFFER SUBSTANTIAL PREJUDICE.

The focus of Rule 16's amendment inquiry is on movant's diligence in seeking amendment. *Johnson*, 975 F.2d 604 *5, 6, 7. Where a court does consider the prejudice to the non-moving party, the burden is on the non-moving party to demonstrate substantial prejudice. *Id.* Defendant cannot make such a demonstration.

The bulk of the prejudice that Defendant claims that it will suffer from Mr. James's proposed amendment is of Defendant's own making. Defendant's chief complaint is that there is not enough time in the case schedule for Defendant to conduct discovery to support its affirmative defenses. This can be cured through an extension of the case management schedule—which is something Plaintiff offered, and Defendant declined. (Dkt. 34-4 at 6.) In the *Cerebras* and

*Together* matters, Plaintiff's counsel stipulated to extensions of time to accommodate Defendant's discovery needs without motion practice. *Cerebras* Dkt. 96; *Together* Dkt. 61.

Defendant also complains that its efforts to investigate Mr. James's claims will go to waste, but also that additional research into the new plaintiffs somehow cannot occur until Defendant receives discovery productions from the new plaintiffs. (Dkt. 34 at 20.) This logic is contradictory. Mr. James did not make any productions to Defendant. (*Id.* at 6, 18.) Therefore, Defendant is more than capable of doing the same precursory research into Mr. Morgenstein and Mr. Leamer. While Plaintiff's counsel is sympathetic to the additional time that this research will take, it is easily cured with a reasonable extension of time. And it is widely understood that all amendments involve *some* slight prejudice to the opposing party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, at 186 (9th Cir. 1987). Defendant also invokes the Civil Justice Reform Act's general three-year benchmark. But dismissal of complex copyright litigation in service of this benchmark would be a significant elevation of form over substance.

"To support denial of a motion for leave to amend, prejudice must be substantial." *Lindsay v. World Factory, Inc.*, No. CV-14-48-BLG-SPW-CSO, 2015 WL 1246939, at *8 (D. Mont. Mar. 18, 2015). Defendant cannot show that.

## III. THE PARTIES BEST INTERESTS ARE SERVED BY GRANTING AMENDMENT UNDER RULE 15(A)'S LIBERAL STANDARD.

Once good cause is shown under Rule 16, courts liberally grant amendment under Rule 15(a)'s five *Foman* factors: (1) "undue delay," (2) "bad faith or dilatory motive," (3) "prejudice to the opposing party," (4) "futility of amendment," and (5) "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant has conceded three of five factors, and only briefly argued the "undue delay" and "prejudice" factors. (Dkt. 34 at 23.) For the reasons in Sections II.A and II.B, there was

no undue delay, and the prejudice largely stems from Snowflake's refusal to agree to extend the discovery schedule. Plaintiff's counsel is willing to negotiate an extension of the discovery schedule. The Court should thus grant leave under Rule 15(a)(2)'s liberal standard.

## IV. AMENDMENT IS THE MOST EFFICIENT PATH FORWARD.

Defendant claims that dismissing this case is the most efficient course of action and would best serve the interests of the Class, the Parties, and the Court. (Dkt, 34 at 24-25.) In support, Defendant invokes its subject matter jurisdiction argument. As set forth above, that argument fails.

It would not be more efficient to file a new case. Doing so would require: (1) the destruction or return of Snowflake's production thus far, including the pirated dataset; (2) reissuance of discovery, which the parties have already responded to and met and conferred on; (3) renegotiation of the ESI, Training Data, and Protective Orders; and (4) re-filing substantive and administrative documents (pro hac vice requests, disclosures, stipulated facts, complaint, etc.).

It is apparent that Snowflake either sees benefit in the delay that re-filing would cause, or the potential that a new action would be assigned to a different Judge. Accordingly, to the extent that the Court deems it necessary to deny Plaintiff's Motion, Plaintiff respectfully requests entry of an Order requiring that the new suit be assigned to this Court. *See Anna Ryan v. United States of America*, 1:25-cv-00120-WWM, Dkt. 34. (Mercer, J.).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) grant Plaintiff's Motion for Leave to File First Amended Complaint; (ii) permit Plaintiff to file the proposed Amended Complaint; (iii) dismiss Mr. James's claims without prejudice as to his ability to remain an absent class member; (iv) direct the Parties to meet and confer and submit a proposed amended

case management schedule, and (v) award any such further relief as the Court deems reasonable and just.

Dated: November 10, 2026

Respectfully submitted,

DARIUS JAMES, individually and on behalf of all others similarly situated

By: /s/ *John Heenan*
*One of Plaintiffs' Attorneys*

John Heenan
**HEENAN & COOK PLLC**
2224 Montana Avenue
Billings, MT 59101
Telephone: (406) 839-9091
john@lawmontana.com

David L. Gerbie (pro hac vice)
Brendan Duffner (pro hac vice)
Jordan R. Frysinger (pro hac vice)
Donald S. Cuba (pro hac vice)
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Telephone: (312) 893-7002
dgerbie@mcgpc.com
bduffner@mcgpc.com
jfrysinger@mcgpc.com
dcuba@mcgpc.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF COMPLIANCE**

I, John Heenan, an attorney, certify that the foregoing complies with Local Rule 7.1(d)(2)(E) because it contains 3,240 words, excluding caption, certificate of compliance, and any certificate of service.

/s/ *John Heenan*
John Heenan

**CERTIFICATE OF SERVICE**

I, John Heenan, an attorney, certify that on November 10, 2026, I filed the foregoing *Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint* via the Court's CM/ECF electronic filing system. A copy of said documents will be electronically transmitted to all counsel of record.

/s/ *John Heenan*
John Heenan